UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                :   MDL No. 1936 (BSJ) (DF)

In Re: TRAIN DERAILMENT NEAR TYRONE,   :
OKLAHOMA, ON APRIL 21, 2005                  :   **ORDER**
                                                :
------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

The United States Judicial Panel on Multidistrict Litigation having issued a Transfer Order on April 10, 2008, transferring to this Court an action pending in the Northern District of Illinois, entitled *Kawasaki Kisen Kaisha, Ltd., et al. v. CMT International, Inc., et al.*, C.A. No. 1:07-5675 (the "Illinois action"), for "coordinated or consolidated" pretrial proceedings with several actions pending in this Court (the "New York actions"),[1] all of which arise out of the same 2005 Oklahoma train derailment; and this Court having held two conferences with all counsel for the purposes of determining any specific ways in which coordination or consolidation of these proceedings would be appropriate; and the Court having received and considered submissions from the parties with respect to this issue, it is hereby ORDERED as follows:

1.     As fact discovery in all of the New York actions has already closed, and the parties to those actions have already commenced expert discovery, there is no basis for coordinating or consolidating fact discovery in the New York actions with fact discovery in the Illinois action. Indeed, doing so would likely delay the New York actions significantly, and prejudice the parties whose experts have already begun to prepare reports based on the record

---

[1] The New York actions bear Docket Nos. 06 Civ. 00615, 02557, 02956, 02962, 03038, 03040, 03042, and 05159 (BSJ) (DF).

developed during the fact discovery period. Defendants K-Line America, Inc. ("KAM"), and Kawasaki Kisen Kaisha Ltd. ("KL") argue that, even though the fact discovery cut-off in the New York actions was April 21, 2008 (a deadline that had previously been extended several times), they should now be permitted – as a result of the Transfer Order – to obtain both document discovery and deposition testimony from the Illinois defendants, CMT International, Inc. ("CMT") and Plano Molding Co. ("Plano"), for use in the New York actions. Nothing, however, prevented KAM and KL from obtaining discovery from CMT and Plano within the scheduled New York discovery period.[2] Under the circumstances, this Court does not view the Transfer Order as requiring the Court to reopen completed fact discovery, and the Court declines to do so.

2. The Court does, however, see a potential for streamlining the Illinois and New York actions by coordinating at least certain expert discovery. As KAM and KL represent that they intend to utilize the services of the same expert metallurgist in both the New York and Illinois actions, it would eliminate duplicative discovery if that expert could prepare a single report (or set of reports) and be deposed only once, rather than twice. As counsel in the New York actions have requested a brief extension of the deadlines for submitting rebuttal expert

---

[2] KAM and KL originally named CMT and Plano as third-party defendants in certain of the New York actions, and the Court stayed merits discovery against those defendants pending the resolution of their motions to dismiss the third-party actions against them on jurisdictional grounds. When the motions to dismiss were granted in June 2007, KAM and KL were then free to subpoena CMT and Plano for the discovery sought; indeed, KAM and KL's counsel indicated that he intended to do exactly that. (*See* Letter to the Court from John D. Kimball, Esq., dated Mar. 26, 2007, at 2 ("If Judge Jones grants one or more of the motions, the KAM and KL will pursue a Rule 45 subpoena . . . .").) Yet over the 10 months since this Court granted the motions to dismiss, KAM and KL apparently never served a document or deposition subpoena on either CMT or Plano.

reports and for conducting expert depositions, counsel are directed to confer and propose to the Court, no later than June 11, 2008, a modified schedule for the completion of expert discovery in the New York actions. KAM and KL's expert reports, to be produced in accordance with that schedule, should be served not only on the New York litigants, but also on CMT and Plano, which (as KAM and KL have agreed) shall each be afforded the opportunity to participate fully in the expert's deposition, even if they have not yet served their own expert reports. Should CMT and Plano later make a request to reopen that deposition, the Court will consider such a request, but cautions CMT and Plano that they should make every effort to prepare for and participate in the deposition the first time, so as to avoid the need for a second session with the witness.

3. As for the remainder of discovery that will need to be conducted in the Illinois action, the Court notes that counsel for KAM and KL has represented to the Court that, with the consent of the other parties to the New York actions, KAM and KL have now produced to CMT and Plano a significant volume of documents obtained through discovery in the New York actions, so as to assist CMT and Plano in "coming up to speed" relatively quickly. Counsel are encouraged to continue to work together to facilitate the completion of discovery in the Illinois action, and to stipulate to any discovery procedures that may help conserve the parties' resources. The parties to the Illinois action are directed to submit a Rule 26(f) report to this Court, no later than June 11, 2008, setting forth a proposed schedule for the completion of all remaining fact and expert discovery in that case.

4. Nothing herein shall be construed as a finding that any particular documents, information, or testimony obtained through discovery in the Illinois action is relevant to the

claims and defenses asserted in the New York actions, or will be admissible at trial in those actions. Similarly, nothing herein shall be construed as a finding that any particular documents, information, or testimony obtained through discovery in the New York actions is relevant to the claims and defenses asserted in the Illinois action, or will be admissible at trial in that action.

Dated: New York, New York
       June 4, 2008

                                      SO ORDERED

                                      _____
                                      DEBRA FREEMAN
                                      United States Magistrate Judge

Copies to:

Hon. Barbara S. Jones, U.S.D.J.

All Counsel
(New York and Illinois actions)