BLANK ROME LLP
Attorneys for Defendants, Plaintiffs
& Third-Party Plaintiffs
"K" Line America, Inc. and
Kawasaki Kisen Kaisha, Ltd.
405 Lexington Avenue
New York, New York 10174-0208
(212) 885-5000
John D. Kimball (JK-2005)
David D. Jensen (DJ-2261)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In Re: TRAIN DERAILMENT NEAR TYRONE, OKLAHOMA, ON APRIL 21, 2005 | 08 MD 1936 (BSJ) (DF)<br><br>**MOTION FOR RECONSIDERATION** |
|---|---|

"K" LINE AMERICA, INC. ("KAM") and KAWASAKI KISEN KAISHA, LTD. ("KL"), by their attorneys Blank Rome LLP, hereby respectfully move the Court to reconsider the portion of its Order dated June 4, 2008, Doc. No. 2 (the "Order"), denying the request of KAM and KL to consolidate or coordinate pretrial discovery pursuant to the order of the Judicial Panel on Multidistrict Litigation ("MDL"). We also request a modification of paragraph 4 of the Court's Order.

### RECONSIDERATION STANDARD

Reconsideration is appropriate to "point to controlling decisions or data that the Court overlooked." Shrader v. CSX Corp., 70 F.3d 255, 257 (2d Cir. 1995). Local Civil Rule 6.3 requires a party moving for reconsideration to provide a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked"; see also Fed. R. Civ. Proc.

59. Reconsideration is appropriate if the overlooked grounds "might reasonably be expected to alter the conclusion reached by the court." In re Keyspan Corp., No. 01 CV 5852, 2003 U.S. Dist. LEXIS 20964, *7 (E.D.N.Y. Nov. 21, 2003).

## POINT I

## CONSOLIDATED PRE-TRIAL DISCOVERY SHOULD BE PERMITTED

KL and KAM filed their motion with the MDL for consolidation on January 8, 2008. Defendant Union Pacific supported the motion. None of the Cargo Plaintiffs filed any objections. The MDL order was issued on April 10, 2008, and a copy of the order was presented to the Court on the same day along with our request for a telephone conference with the Court to discuss scheduling. (Ex. A). At that time, the scheduling order in the New York cases called for fact discovery to be completed by April 21, 2008 and the date for completing all discovery was July 20, 2008.[1] We issued deposition notices for Plano and CMT on April 23, 2008 and were prepared to go forward on the noticed dates of May 28-29, 2008.

We respectfully submit there is no valid reason why the existing discovery schedule cannot be adjusted to accommodate the directive of the MDL that the New York and Illinois cases be consolidated or coordinated. There is no prejudice to the Cargo claimants, who made no objection to the consolidation motion. Expert witnesses can take account of whatever testimony is given by witnesses from Plano and CMT. Expert metallurgists who were involved in the testing of the container will be issuing reports based on metallurgical testing, and that information would not be affected by discovery of CMT and Plano. It is common for depositions of fact witnesses to be held

---

[1] The parties have since jointly requested that the deadline for submitting initial expert reports be extended to June 30 and the deadline for completing depositions has since been extended to a date to be determined by the Court.

up until the trial in appropriate circumstances. The issuance of a consolidation order by the MDL Panel is clearly such an appropriate circumstance. No trial date has been set in the New York cases. Complex motions for summary judgment between UPRR and the Cargo claimants are pending. As stated, the date for submitting initial expert reports has been extended at the joint request of the parties, and there is no reason depositions of witnesses from Plano and CMT cannot take place before they are submitted. We expect that the depositions can be completed in one day if they are held at the same location.

KAM's and KL's application to the MDL Panel specifically referenced discovery to be provided by Plano and CMT as a proper subject of consolidation. None of the parties to the New York proceedings, including the Cargo Plaintiffs, voiced any objection. The MDL Panel specifically ruled that "all actions share *factual questions* arising out of the April 2005 train derailment near Tyrone, Oklahoma, relating to the cause or causes of the derailment and the respective liability of the parties under various bills of lading" and that "[c]entralization under Section 1407 will *eliminate duplicative discovery*." (Page 1, copy attached, emphasis added.) The Court's stated intention of severing discovery between the actions conflicts with the MDL's ruling.

Footnote 2 of the Court's order is surprising. KAM and KL requested depositions of Plano and CMT when they were parties in the New York cases, and the request was denied by the Court. KAM and KL then sued Plano and CMT and sought consolidation before the MDL Panel. As stated, no objection was made by any party to the New York actions, and UP joined in the motion. The only opposition came from Plano and CMT. We considered consolidation the preferred approach compared with Rule 45 subpoenas, given the goal of coordinating discovery of Plano and CMT with

the New York proceedings. We respectfully submit that the Court's footnote is in error by suggesting that we should have taken action that this Court had declined to permit when Plano and CMT were still parties in the New York actions. Consolidation is a much preferred approach, as indicated by the MDL's order.

## POINT II

### THE ISSUE OF WHETHER EVIDENCE CAN BE "USED" IS NOT BEFORE THE COURT

The Court's Order indicates that the KAM and KL seek "to obtain both document discovery and deposition testimony from [Plano and CMT] for use in the New York actions." Order, p. 2. This is inaccurate. KAM and KL do not seek discovery from Plano and CMT "*for use in* the New York actions" – they seek discovery from Plano and CMT for use in all proceedings. The MDL statute concerns the coordination and consolidation of pretrial handling and discovery, not the consolidation of evidentiary issues that do not become ripe until the time of trial. Whether or not any individual item of evidence is admissible at trial is determined under the Federal Rules of Evidence and the Federal Rules of Civil Procedure. There is no Rule that precludes the introduction of evidence simply because it was obtained from a third-party, vis-à-vis from a current party to the suit, and we respectfully submit there is no basis for the Court's statement that it declines to allow discovery "for use in the New York actions."

To avoid any potential misinterpretation of the Court's order, we respectfully request that paragraph 4 be modified to simply state that nothing therein shall be construed as a finding concerning the admissibility of evidence in either the New York or Illinois actions.

## CONCLUSION

We respectfully request that the Court modify the discovery order entered on June 5, 2008 to provide for consolidation or coordination of the New York and Illinois cases with respect to depositions of Plano and CMT and to modify paragraph 4 to state that nothing therein shall be construed as a finding concerning the admissibility of evidence in either the New York or Illinois actions.

Dated: New York, New York
       June 18, 2008

                                 BLANK ROME LLP
                                 Attorneys for Defendants, Plaintiffs &
                                 Third-Party Plaintiffs
                                 "K" Line America, Inc. &
                                 Kawasaki Kisen Kaisha, Ltd.

By: _____
                                 John D. Kimball (JK-2005)
                                 405 Lexington Avenue
                                 New York, New York 10174-0208
                                 Phone: (212) 885-5000
                                 Fax: (212) 885-5001



**BLANK ROME LLP**
COUNSELORS AT LAW

Phone:  (212) 885-5259
Fax:    (917) 332-3730
Email:  JKimball@BlankRome.com

April 10, 2008

**BY FAX TO (212) 805-4258**

The Honorable Debra C. Freeman
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 525
New York, New York 10007-1312

      Re:    Indemnity Insurance Co. of North America
              v. "K" Line America, Inc., et al.
              No. 06 Civ. 0615 (BSJ) (DCF) & consolidated cases
              Our File No.: 692233-00385

Dear Judge Freeman:

     We represent Defendants and Third-Party Plaintiffs "K" Line America, Inc. ("KAM") and Kawasaki Kisen Kaisha, Ltd. ("KL") in the above-referenced proceedings.

     By order dated April 10, 2008, the Judicial Panel on Multidistrict Litigation granted KAM's and KL's motion to consolidate, and ordered the Illinois Litigation consolidated with the instant proceedings in the Southern District of New York, subject to the consent of that Court. A copy of the Panel's Transfer Order is attached.

     In light of this development, we request a telephone conference at the Court's earliest convenience to discuss scheduling.

                                                         Respectfully submitted,

                                                        John D. Kimball

JDK:dcf
cc:    All Counsel – By Fax

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 10, 2008

FILED
CLERK'S OFFICE

IN RE: TRAIN DERAILMENT NEAR TYRONE,
OKLAHOMA, ON APRIL 21, 2005              MDL No. 1936

## TRANSFER ORDER

**Before the entire Panel**[*]: Kawasaki Kisen Kaisha, Ltd. and "K" Line America, Inc. – plaintiffs in the Illinois action and defendants/third-party plaintiffs in some of the New York actions – have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of New York. Illinois defendants CMT International, Inc., and Plano Molding Co. oppose the motion.

This litigation presently consists of one group of actions and a more recent action as listed on Schedule A and pending in two districts as follows: eight consolidated actions in the Southern District of New York and one action in the Northern District of Illinois.

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. While the consolidated New York actions and Illinois action involve somewhat different legal claims, all actions share factual questions arising out of the April 2005 train derailment near Tyrone, Oklahoma, relating to the cause or causes of the derailment and the respective liability of the parties under various bills of lading. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We further find that the Southern District of New York is an appropriate transferee district for this litigation, because the consolidated New York actions are proceeding expeditiously there before Judge Barbara S. Jones, who has already developed familiarity with the issues involved as a result of presiding over motion practice and other pretrial proceedings for the past two years.

---

[*] Judge Scirica took no part in the disposition of this matter.

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Northern District of Illinois and listed on Schedule A is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Barbara S. Jones for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*

John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica* |

IN RE: TRAIN DERAILMENT NEAR TYRONE,
OKLAHOMA, ON APRIL 21, 2005                                              MDL No. 1936

## SCHEDULE A

<u>Northern District of Illinois</u>

Kawasaki Kisen Kaisha, Ltd., et al. v. CMT International, Inc., et al., C.A. No. 1:07-5675

<u>Southern District of New York</u>

Indemnity Insurance Co. of North America v. K-Line America, Inc., et al.,
   C.A. No. 1:06-615
Royal & Sun Alliance Insurance PLC v. K-Line America, Inc., et al., C.A. No. 1:06-2557
Mitsui Sumitomo Insurance Co., Ltd., et al. v. K-Line America, Inc., et al.,
   C.A. No. 1:06-2956
Phillips PC Peripherals, et al. v. M/V Chang Jiang Bridge, et al., C.A. No. 1:06-2962
Federal Insurance Co. v. K-Line America, Inc., et al., C.A. No. 1:06-3038
ACK Controls, Inc. v. K-Line America, Inc., et al., C.A. No. 1:06-3040
Navigators Management Co., etc. v. Union Pacific Railroad Co., et al.,
   C.A. No. 1:06-3042
Tokio Marine & Nichido Fire Insurance Co., Ltd., et al. v. Kawasaki Kisen Kaisha, Ltd., et al.,
   C.A. No. 1:06-5159