BLANK ROME LLP
Attorneys for Plaintiffs
"K" Line America, Inc. &
Kawasaki Kisen Kaisha, Ltd.
405 Lexington Avenue
New York, New York 10174-0208
(212) 885-5000
John D. Kimball

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: TRAIN DERAILMENT NEAR TYRONE, OKLAHOMA, ON APRIL 21, 2005 | 08 MD 1936 (BSJ) (DCF)<br>06 Civ. 0615 (BSJ) (DCF) &<br>06 Civ. 2557 (BSJ) (DCF)<br>06 Civ. 2956 (BSJ) (DCF)<br>06 Civ. 3038 (BSJ) (DCF)<br>06 Civ. 3040 (BSJ) (DCF) |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Plaintiffs Kawasaki Kisen Kaisha, Ltd. ("KL") and "K" Line America, Inc. ("KAM"), by their undersigned attorneys, submit this memorandum in support of their motion, pursuant to Federal Rule of Civil Procedure 55 and Local Civil Rule 55.1, for the Court to grant a default judgment against Shanghai Haixing Yuanchang International Logistics Co., Ltd. ("Shanghai Haixing"), and for such other and further relief as the Court may consider appropriate.

The affidavits of John D. Kimball, sworn to on April 18, 2011, and Sherry Johnson, sworn to on April 18, 2011, are submitted in support of Plaintiffs' motion.

## ARGUMENT

I. **Shanghai Haixing's Notice of the Action and Improper Rejection of Service Provide this Court with Authority to Grant a Default Judgment Under FRCP 55.**

Prior to the granting of a default judgment, Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of Court to enter a default against a party that "has failed to plead or otherwise defend" an action. *Fed. R. Civ. P. 55(a)*; *see O'Callaghan v. Sifre*, 242 F.R.D. 69, 72-73 (S.D.N.Y. 2007) ("A default judgment may not be granted . . . if the defendant has not been effectively served with process."). The Clerk's authority to enter a default rests on the plaintiff's submission of an affidavit or other evidence that the defendant was effectively served with process. *Id.* The primary purpose behind Rule 55's entry of default requirement is to guarantee that a defendant has notice and an opportunity to respond to the pleading. *See Jackson v. New York State*, 2007 U.S. Dist. LEXIS 8453, at *8 (W.D.N.Y. Feb. 6, 2007). Once the plaintiff demonstrates proper service, the decision of whether to grant a motion for a default judgment under Rule 55(b)(2) lies in the sound discretion of the trial court. *See Shah v. New York State Department of Civil Service*, 168 F.3d 610, 615 (2d. 1999) (internal citations omitted) ("The disposition of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties.").

Shanghai Haixing has been on notice of this action since September 2006, when service first was attempted, and even issued an Acknowledgment of Service on January 12, 2007. (Kimball Aff., ¶¶5, 11, Exs. C, H.) Plaintiffs have attempted to serve Shanghai Haixing four times, but Shanghai Haixing has rejected service each time on grounds pertaining to the translation of its name. (Kimball Aff., ¶¶4-16, Exs. A-M.)

2

It has been recognized that under the Hague Convention, a misnomer does not affect the validity of service on a company. *See In re Cyrus II, LP*, 392 B.R. 248 (Bankr. S.D. Tex. 2008) (examining U.S. jurisprudence in the absence of controlling authority under the laws of Hong Kong, and holding that service was adequate pursuant to the Hague Convention because the defendant acquired knowledge of the lawsuit through service with the misnomer). Shanghai Haixing not only has been on notice of this action since September 2006, but also has improperly rejected service in an effort to escape liability for its role in packing the steel molds at issue in this litigation. Given that Shanghai Haixing has been on notice of this action since September 2006 and has acted in bad faith by continuously rejecting service of Plaintiffs' Second Amended Third-Party Complaint, the Court should exercise its discretion and grant a default judgment against Shanghai Haixing.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant a default judgment against Shanghai Haixing in the amount of $2,020,388.24.

Dated: New York, New York
April 18, 2011

                                        BLANK ROME LLP
                                        Attorneys for Plaintiffs
                                        "K" Line America, Inc. &
                                        Kawasaki Kisen Kaisha, Ltd.

By: _____
                                        John D. Kimball
                                        405 Lexington Avenue
                                        New York, New York 10174-0208
                                        Phone: (212) 885-5000
                                        Fax: (212) 885-5001
                                        jkimball@blankrome.com